ABRAM DE RONDE & CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   May 18, 1905.)

No. 3,745.

CUSTOMS DUTIES—CLASSIFICATION—SOLUBLE GREASE—UNENUMERATED ARTI-
CLE.

Soluble grease, a preparation of tallow used in the process of dyeing
cotton cloth for softening the fabric after the application of the dye, is
not dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par.
32, 30 Stat. 153 [U. S. Comp. St. 1901, p. 1629], as an alizarin assistant,
but under section 6 (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), as an
unenumerated manufactured article.

On Application for Review of a Decision of the Board of United
States General Appraisers.

For decision below, see G. A. 5,836, T. D. 25,744, which affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Abram De Ronde & Co. The merchandise consisted of so-called "soluble grease," which the Board of General Appraisers found to be made from tallow, and to be used in the process of dyeing cotton cloth for the purpose of softening the fabric after the application of the dye. Although it was similar in all respects to the article covered by De Ronde v. U. S. (C. C.) 113 Fed. 858, which was held not to be dutiable as an alizarin assistant, the board was of opinion that the presentation of additional evidence not before the court in that case justified a different conclusion, and the classification of the article as an alizarin assistant was affirmed.

Walden & Webster (Howard T. Walden, of counsel), for importers.

Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge (orally). The importation in question consists of certain soluble grease, and was classified for duty under paragraph 32 of the tariff act of July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 153 [U. S. Comp. St. 1901, p. 1629], as an alizarin assistant. The importers contend that it is dutiable as an unenumerated manufactured article under section 6 of said act, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]. The testimony introduced before the Board of Appraisers does not overcome the evidence before the court on the former trial, and on which Judge Coxe rendered a decision in favor of the importer. See De Ronde v. U. S., 113 Fed. 858. Furthermore, since the last decision of the board additional testimony has been taken in this court, which confirms the testimony taken in the former case. The record therefore fails to establish the contention that the article in question is either in fact alizarin assistant, or is used for the purposes for which an alizarin assistant is used.

The decision of the Board of General Appraisers is reversed.